UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1111-JGB (KK) | Date: | April 28, 2017 |
| Title: | *Rosalinda Lynd v. Closetmaid Corporation* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order To Show Cause Why Defendant's Counsel Should Not Be Subject To Sanctions

## I.
## BACKGROUND

On August 29, 2016, counsel for Plaintiff and Defendant appeared before United States District Judge Jesus G. Bernal for a scheduling conference. Dkt. 19, Mins. of Scheduling Conference. The parties selected, and Judge Bernal referred the parties to, a settlement conference with United States Magistrate Judge Kenly Kiya Kato, to be completed by May 8, 2017. Dkt. 20.

On March 10, 2017, Judge Kato issued an Order Re: Settlement Conference stating:

No later than 4:00 p.m. five (5) court days prior [to the conference] each party shall submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Judge Kato . . . .

The failure of any party to timely submit a Confidential Settlement Conference Statement in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

Dkt. 22, Order Re: Settlement Conference ¶¶ 6, 8. Judge Kato's Courtroom Deputy coordinated with the parties to secure a mutually agreeable date for the settlement conference, and the settlement conference was scheduled for May 2, 2017. Id. Therefore, the parties' Confidential Settlement Conference Statements were due at 4:00 p.m. on April 25, 2017.

Defendant did not timely file a Confidential Settlement Conference Statement. Hence, on April 26, 2017, Judge Kato's Courtroom Deputy sent Defendant's counsel an email requesting Defendant's counsel submit a Confidential Settlement Conference Statement. Defendant's counsel did not respond. Therefore, Judge Kato's Courtroom Deputy called Defendant's counsel on the morning of April 27, 2017 to inquire whether Defendant still intended to participate in the settlement conference. Later that afternoon, Defendant's counsel finally informed Judge Kato's Courtroom Deputy Defendant would be submitting a Confidential Settlement Conference Statement by 4:30 p.m. that afternoon. At 4:42 p.m., on April 27, 2017, with only two court days left before the settlement conference, the Court received Defendant's Confidential Settlement Conference Statement.

## II.
## DEFENDANT'S COUNSEL IS SUBJECT TO SANCTIONS

"[C]ourts may impose sanctions for the failure to obey court orders." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). Even where a violation of court orders occurs inadvertently, "a district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . .'" Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting Fink v. Gomez, 239 F.3d 989, 989 (9th Cir. 2001)).

Here, Defendant's counsel willfully violated the Court's March 10, 2017 Order by failing to timely submit a Confidential Settlement Conference Statement. See Dkt. 22, Order Re: Settlement Conference ¶ 6. Further, Defendant's counsel did not respond to the Court's April 26, 2017 inquiry. Finally, as of this date, counsel has not provided any explanation or justification for their failure to comply with the Court's March 10, 2017 Order.

## III.
## ORDER

Accordingly, Defendant's counsel is ORDERED TO SHOW CAUSE why Defendant's counsel should not be subject to sanctions. Defendant's counsel must file a written response to this Order by **May 4, 2017**.